IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUCKUS WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1099 (SLR) |
| | ) | |
| NETGEAR, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

**NETGEAR, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Defendant NETGEAR, Inc. hereby submits this Answer ("Answer") to the Amended Complaint filed by Plaintiff Ruckus Wireless, Inc. ("Ruckus") on August 26, 2013 ("Amended Complaint"):

## NATURE OF ACTION

1. Ruckus is the owner of United States Patent No. 8,031,129 ("the '129 Patent") and United States Patent No. 8,150,470 ("the '470 Patent") (collectively the "Patents-in-Suit").

**ANSWER:** NETGEAR lacks knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 1 and therefore denies the same.

2. This is a civil action for the infringement of the Patents-in-Suit by NETGEAR, pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

**ANSWER:** NETGEAR admits that Plaintiff's Amended Complaint purports to allege a claim for patent infringement, but denies any infringement or liability. The remainder of the statements included in Paragraph 2 are conclusions of law rather than statements of fact, to which no response is required.

## PARTIES

3. Plaintiff Ruckus is a corporation organized under the laws of Delaware, having a place of business located at 350 West Java Drive, Sunnyvale, California 94089.

**ANSWER:** NETGEAR lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3, and therefore denies same.

4. Defendant NETGEAR is a Delaware corporation, having its principal place of business at 350 East Plumeria Drive, San Jose, California 95134.

**ANSWER:** NETGEAR admits that it is a Delaware corporation and that it has a primary place of business in San Jose, California.

## JURISDICTION AND VENUE

5. This action is based upon and arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and in particular §§ 271, 281, 283, 284 and 285, and is intended to redress infringement of the Patents-in-Suit owned by Ruckus.

**ANSWER:** NETGEAR admits that Ruckus initiated this Complaint under the patent laws of the United States, but denies any infringement or liability. The remainder of the statements included in Paragraph 5 of the Complaint consist of conclusions of law, rather than statements of fact, to which no response is required.

6. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** The statement in Paragraph 6 of the Complaint consists of conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, NETGEAR admits that this District Court, like all other federal district courts, has jurisdiction over patent disputes arising under the patent laws of the United States.

7. This Court has personal jurisdiction over NETGEAR, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c), and 28 U.S.C. § 1400(b).

**ANSWER:** NETGEAR admits that it is a corporate entity organized and existing under the laws of the State of Delaware. NETGEAR denies that it sells products or performs any methods that infringe one or more claims of Ruckus's patents in the District or in the State of Delaware. The remainder of the statements included in Paragraph 7 of the Complaint consist of conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, NETGEAR admits that this Court has personal jurisdiction over NETGEAR.

## THE PATENTS-IN-SUIT

8. On October 4, 2011, the '129 Patent, entitled "Dual Band Dual Polarization Antenna" was duly and legally issued. RUCKUS is the owner by assignment of all rights, title and interest in and to the '129 Patent. A copy of the '129 Patent is attached as Exhibit A.

**ANSWER:** NETGEAR admits that a document that purports to be the '129 Patent was attached to the Amended Complaint at Exhibit A. NETGEAR denies that the '129 Patent was duly and legally issued. NETGEAR lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 8, and therefore denies the same.

9. On April 3, 2012, the '470 Patent, entitled "System and Method for Transmission Parameter Control for an Antenna Apparatus with Selectable Elements" was duly and legally issued. RUCKUS is the owner by assignment of all rights, title and interest in and to the '470 Patent. A copy of the '470 Patent is attached as Exhibit B.

**ANSWER:** NETGEAR admits that a document that purports to be the '470 Patent was attached to the Amended Complaint at Exhibit A. NETGEAR denies that the '470 Patent was duly and legally issued. NETGEAR lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 9, and therefore denies the same.

10. Ruckus owns the Patents-in-Suit and possesses the right to sue and to recover for infringement of the Patents-in-Suit.

**ANSWER:** NETGEAR lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and therefore denies the same.

## FACTUAL BACKGROUND

11. NETGEAR makes, uses, imports, offers for sale, and/or sells in the United States and in this judicial district wireless router products that infringe the Patents-in-Suit.

**ANSWER:** NETGEAR admits that it makes, uses, inports, offers for sale and/or sells products in the United States and this judicial district. The remaining allegations of Paragraph 11 are denied.

## COUNT I
## INFRINGEMENT OF THE '129 PATENT

12. The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

**ANSWER:** NETGEAR repeats and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 through 11.

13. On information and belief, NETGEAR has infringed the '129 Patent by making, using, offering to sell, selling, and/or importing products, including but not limited to NETGEAR's N600 Wireless Dual Band Routers WNDR3400, that infringe one or more claims of the '129 Patent in this judicial district and elsewhere in the United States.

**ANSWER:** NETGEAR denies the allegations of Paragraph 13 of the Amended Complaint.

14. The products that are made, used, sold, offered for sale, and/or imported by NETGEAR meet each and every limitation of at least one claim of the '129 Patent, either literally or equivalently.

**ANSWER:** NETGEAR denies the allegations of Paragraph 14 of the Amended Complaint.

15. RUCKUS has been and will continue to be injured by NETGEAR's past and continuing infringement of the '129 Patent unless NETGEAR's infringing activities are enjoined by this Court, and RUCKUS is without adequate remedy at law.

**ANSWER**: NETGEAR denies the allegations of Paragraph 15 of the Amended Complaint.

## COUNT II
## INFRINGEMENT OF THE '470 PATENT

16. The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

**ANSWER**: NETGEAR repeats and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 through 15.

17. On information and belief, NETGEAR has infringed the '470 Patent by making, using, offering to sell, selling, and/or importing products, including but not limited to NETGEAR's N600 Wireless Dual Band Gigabit Routers WNDR3800, that infringe one or more claims of the '470 Patent in this judicial district and elsewhere in the United States.

**ANSWER**: NETGEAR denies the allegations of Paragraph 17 of the Amended Complaint

18. The products that are made, used, sold, offered for sale, and/or imported by NETGEAR meet each and every limitation of at least one claim of the '470 Patent, either literally or equivalently.

.

**ANSWER**: NETGEAR denies the allegations of Paragraph 18 of the Amended Complaint.

19. RUCKUS has been and will continue to be injured by NETGEAR's past and continuing infringement of the '470 Patent unless NETGEAR's infringing activities are enjoined by this Court, and RUCKUS is without adequate remedy at law.

**ANSWER**: NETGEAR denies the allegations of Paragraph 19 of the Amended Complaint.

## PRAYER FOR RELIEF

NETGEAR denies that Ruckus is entitled to the requested relief or any other relief.

## AFFIRMATIVE DEFENSES

NETGEAR asserts the following affirmative defenses in response to Ruckus's Amended Complaint. NETGEAR incorporates all of its Answers listed above, and all of the facts in support of NETGEAR's counterclaims set forth below.

1. Ruckus's Amended Complaint fails to state a claim against NETGEAR.

2. Ruckus's claims are barred in whole or in part by the doctrines of license, laches, estoppel, waiver and/or unclean hands, including but not limited to prosecution history estoppel, which bars Ruckus from taking positions with respect to the scope of any asserted

claim that has been surrendered during the prosecution or reexamination of one or more of the Patents-in-Suit.

3. NETGEAR has not infringed and does not currently infringe, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the ‘129 or the ‘470 Patent (the “Patents-in-Suit”).

4. Each asserted claim of the Patents-in-Suit is invalid because it fails to satisfy the requirements of the Patent Act, 35 U.S.C. § 101, *et seq.*, including, without limitation, sections 101, 102, 103, and 112 thereof.

5. The damages, if any, that were allegedly sustained by Ruckus as a result of acts contained in the Amended Complaint were caused or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of third parties over which NETGEAR had no control.

6. NETGEAR acted with good faith at all times, and Ruckus is not entitled to any exemplary damages.

7. This is not an exemplary case and Ruckus is not entitled to any attorney’s fees and/or costs.

8. Any recovery of damages by Ruckus is limited in whole or in part by 35 U.S.C. § 287.

9. NETGEAR reserves the right to assert any additional defenses that further investigation or discovery may indicate.

10. Ruckus has failed to provide adequate notice of the Patents-in-Suit, and cannot recover pre-suit damages.

11. Ruckus is prohibited from recovering damages for activities alleged to have occurred before it provided actual notice of the Patents-in-Suit, which was at the earliest the time of filing the original Complaint in this action.

12. Ruckus cannot prove that it has suffered or will suffer irreparable harm.

## COUNTERCLAIMS

NETGEAR for its Counterclaims against Ruckus states and alleges as follows:

## NATURE OF THE ACTION

1. The counterclaims below are Declaratory Judgment counterclaims seeking judgments of non-infringement and invalidity as to each claim of the Patents-in-Suit. NETGEAR seeks judgment under the patent laws of the United States, 35 U.S.C. § 101, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. These counterclaims arise from an actual and justiciable controversy between NETGEAR and Ruckus as to the alleged infringement of the Patents-in-Suit. Ruckus has brought suit against NETGEAR, alleging that NETGEAR infringes the Patents-in-Suit, as reflected in the Amended Complaint.

## THE PARTIES

3. NETGEAR is a Delaware corporation, with its principal place of business located at 350 E. Plumeria Drive, San Jose, California 95134. NETGEAR has been a worldwide provider of technologically advanced networking products since 1996.

4. Upon information and belief, Ruckus is a Delaware corporation that has its principal place of business in Sunnyvale, California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. Ruckus has consented to personal jurisdiction by pursuing an action for patent infringement in this judicial district, as set forth in Ruckus's original Complaint and Amended Complaint.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

8. Upon information and belief, Ruckus's claims of infringement against NETGEAR have been made with full knowledge that claims of the '129 Patent and '470 Patent cannot be read fairly to encompass NETGEAR's products.

9. NETGEAR does not make, use, import, offer for sale, and/or sell products that infringe the Patents-in-Suit.

## COUNTERCLAIM I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '129 PATENT

10. NETGEAR has not infringed and does not currently infringe, either directly or indirectly, any claim of the '129 patent.

## COUNTERCLAIM II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '129 PATENT

11. Each claim of the '129 patent is invalid and unenforceable because it fails to satisfy the requirements of the Patent Act, 35 U.S.C. § 101, *et seq.*, including, without limitation, §§ 101, 102, 103, and 112 thereof.

12. The ‘129 Patent was filed on October 23, 2009, and is not entitled to any earlier filing date.

13. United States Patent No. 7,358,912 (“’912 Patent”) issued on April 15, 2008. The ‘912 Patent discloses each and every limitation, expressly or inherently, of at least claim 1 of the ‘129 Patent, and the ‘912 Patent was issued more than one year prior to October 23, 2009. Accordingly, the ‘912 Patent invalidates at least claim 1 of the ‘129 Patent pursuant to 35 U.S.C. § 102(b).

**COUNTERCLAIM III**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ‘470 PATENT**

14. NETGEAR has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the ‘470 patent.

**COUNTERCLAIM IV**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE ‘470 PATENT**

15. Each claim of the ‘470 patent is invalid and unenforceable because it fails to satisfy the requirements of the Patent Act, 35 U.S.C. § 101, *et seq.*, including, without limitation, §§ 101, 102, 103, and 112 thereof.

16. Huey-Ru Chuang, et al, *A 2.4 GHz Polarization-Diversity Planar Printed Antenna for WLAN and Wireless Communications Systems* was published in Microwave Journal no later than June 1, 2002. The Chuang reference discloses each and every limitation, expressly or inherently, of at least claim 1 of the ‘470 Patent, and therefore, invalidates at least claim 1 of the ‘470 Patent pursuant to 35 U.S.C. § 102(b).

## PRAYER FOR RELIEF

WHEREFORE, NETGEAR respectfully requests the Court enter judgment in NETGEAR's favor and against Ruckus and provide NETGEAR the following relief:

A. A dismissal of Ruckus's Amended Complaint with prejudice, and that Ruckus take nothing by way of its Amended Complaint;

B. A declaration that NETGEAR has not infringed and is not infringing, directly, indirectly, or otherwise, any valid claim of the '129 patent or the '470 patent;

C. A declaration that the claims of the '129 patent and the '470 patent are invalid;

D. An Order declaring this case exceptional pursuant to 35 U.S.C. § 285 and awarding NETGEAR its reasonable attorneys' fees, costs and expenses incurred in connection with defending this action; and

E. An award of any further relief that the Court deems just and proper.

## JURY DEMAND

NETGEAR hereby demands a trial by jury on all issues appropriately triable by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Kenneth A. Liebman
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000

Nina Y. Wang
Mary V. Sooter
M. Ryan Clough
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
(303) 607-3500

October 15, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 15, 2013, upon the following in the manner indicated:

Colm F. Connolly, Esquire *VIA ELECTRONIC MAIL*
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 Orange Street, Suite 501
Wilmington, DE 19801
*Attorneys for Plaintiff*

Kell M. Damsgaard, Esquire *VIA ELECTRONIC MAIL*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
*Attorneys for Plaintiff*

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)