IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUCKUS WIRELESS, INC.,<br>Plaintiff,<br>v.<br>NETGEAR, INC.,<br>Defendant. | CIVIL ACTION<br>NO. 13-1099-SLR<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff RUCKUS WIRELESS, INC. ("Plaintiff" or the "RUCKUS") hereby responds to the allegations in the Counterclaims of Defendant NETGEAR, INC. ("Defendant" or "NETGEAR") in accordance with the numbered paragraphs thereof and states its defenses to each claim asserted against it. To the extent the unnumbered headings contained in the Counterclaims contain allegations supporting Defendant's claims, they are denied.

**COUNTERCLAIMS**

1. RUCKUS admits that Defendant's Answer and Counterclaims purports to seek a Declaratory Judgment of non-infringement and invalidity as to each claim of U.S. Patent No. 8,031,129 ("the '129 patent") and U.S. Patent No. 8,150,470 ("the '470 patent"). The remainder of the statements in paragraph 1 are conclusions of law rather than statements of fact, to which no response is required. To the extent a response is required, the statements in the paragraph are denied.

2. RUCKUS admits that it has brought suit against NETGEAR alleging that NETGEAR infringes the '129 patent and the '470 patent. The remainder of the statements in

paragraph 2 are conclusions of law rather than statements of fact, to which no response is required. To the extent a response is required, the statements in the paragraph are denied.

3. RUCKUS admits that NETGEAR is a Delaware corporation with its principal place of business located at 350 E. Plumeria Drive, San Jose, California 95134. RUCKUS lacks knowledge or information sufficient to form a belief with respect to the remainder of pargraph 3, and therefore denies the same.

4. Admitted.

5. RUCKUS admits that NETGEAR purports to assert counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The remainder of the statements in paragraph 5 are conclusions of law rather than statements of fact, to which no response is required.

6. The statements in paragraph 6 are conclusions of law rather than statements of fact, to which no response is required.

7. The statements in paragraph 7 are conclusions of law rather than statements of fact, to which no response is required.

8. Denied.

9. Denied.

**COUNTERCLAIM I. DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '129 PATENT**

10. Denied.

**COUNTERCLAIM II. DECLARATORY JUDGMENT**
**OF INVALIDITY OF THE '129 PATENT**

11. Denied.

12. The statements in paragraph 12 are conclusions of law rather than statements of fact, to which no response is required. To the extent a response is required, it is admitted only that the application for the '129 patent was filed on October 23, 2009. The remaining allegations in this paragraph are denied.

13. Admitted in part; denied in part. It is admitted only that United States Patent No. 7,358,912 ("'912 patent") issued on April 15, 2008, which is more than one year prior to October 23, 2009. The remaining allegations of this paragraph are denied.

**COUNTERCLAIM III. DECLARATORY JUDGMENT**
**OF NON-INFRINGEMENT OF THE '470 PATENT**

14. Denied.

**COUNTERCLAIM IV. DECLARATORY JUDGMENT**
**OF INVALIDITY OF THE '129 PATENT**

15. Denied.

16. RUCKUS lacks knowledge or information sufficient to form a belief with respect to publication of Huey-Ru Chang, et al, *A 2.4 GHz Polarization-Diversity Planar Printed Antenna for WLAN and Wireless Communications Systems,* and therefore denies the same. The remaining allegations of this paragraph are denied.

**PRAYER FOR RELIEF**

RUCKUS denies that NETGEAR is entitled to the requested relief or other relief.

WHEREFORE, Plaintiff, RUCKUS, respectfully requests that the Court enter judgment in its favor and against Defendant, dismissing Defendant's Counterclaims against the RUCKUS

with prejudice, together with costs, attorneys' fees according to applicable law, and such further relief deemed appropriate by this Court.

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Colm F. Connolly*_________________________
Colm F. Connolly (#3151)
1007 Orange Street, Suite 501
Wilmington, DE 19801
cconnolly@morganlewis.com
(302) 574-3000

Counsel for Plaintiff
RUCKUS WIRELESS, INC.

OF COUNSEL:

Kell M. Damsgaard
Morgan, Lewis & Bockius LLP
1701 Market St.
Philadelphia, PA 19103-2921
(215) 963-5000

**CERTIFICATE OF SERVICE**

I, Colm F. Connolly, do hereby certify that on this 4th day of December, 2013, a true and correct copy of the foregoing Plaintiff's Answer to Defendant's Counterclaims was served on all counsel of record via the Court's electronic case filing ("ECF") system.

*/s/ Colm F. Connolly*
Colm F. Connolly